Michael H. Meyer, Esq. #82336
Chapter 13 Trustee
Deanna K. Hazelton #202821
Senior Staff Attorney
Sarah R. Velasco, #255873
Staff Attorney
P.O. Box 28950
Fresno, CA 93729-8950
Tel (559) 275-9512
Fax (559) 275-9518
E-mail: cvinson@meyer13.com

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE NO. 19-12351-B-13F |
| Erica Alejandra Gomez | DC NO.:     MHM-5 |
| | CHAPTER 13 PROCEEDING |
| Debtor | MOTION TO DISGORGE FEES PAID AND OBJECTION TO ATTORNEY FEE COMPENSATION |
| | DATE:    March 18, 2020<br>TIME:     9:30 AM<br>PLACE:<br>U.S. Courthouse<br>5th Floor, Dept. B, Courtroom 13<br>2500 Tulare Street<br>Fresno, Ca 93721 |
| | JUDGE:  Hon. Rene Lastreto II |

Michael H. Meyer, Chapter 13 Trustee, hereby file this motion to disgorge attorney's fees pursuant to 11 U.S.C. § 329(b) and objects to attorney fee compensation pursuant to LBR 2016-1(a) on the following grounds:

## I.

## FACTS

1.      On August 10, 2018, Debtor filed a chapter 13 petition, Case No. 18-13284. Thomas O. Gillis (hereinafter "Mr. Gillis") was Debtor's attorney of record.   According to Statement of Financial Affairs, Question 16, Debtor paid Mr. Gillis $4,000.00 on July 31, 2018.  Filed herewith is a copy of Statement of Financial Affairs filed in Case No. 18-13284.  Mr. Gillis elected the No-Look fee in the plan, and the plan was confirmed on October 4, 2018.

-1-

2.     On January 4, 2019, the Trustee filed a Notice of Default and Intent to Dismiss Case. Filed herewith is a copy of Notice of Default and Intent to Dismiss Case filed in Case No. 18-13284. According to the Notice, as of January 4, 2019, payments were delinquent in the amount of $4,005.04. Thereafter, nothing was filed by Mr. Gillis, and the case was dismissed on February 20, 2019.

3.     On April 30, 2019, Mr. Gillis signed a stipulation with the California State Bar agreeing to a suspension from the practice of law for a minimum of two years.  The State Bar of California has now suspended Gillis's license to practice for a two-year period, effective February 16, 2020.

4.     On May 31, 2019, a month after Mr. Gillis signed the suspension stipulation, Mr. Gillis filed a second chapter 13 petition for Debtor, Case No. 19-12351. The plan provided for a plan duration of 60 months.  See Doc. No. 2.  According to the plan, Mr. Gillis again accepted the No-Look fee of $4,000.00, which was again paid by Debtor prior to filing.  According to Statement of Financial Affairs, Question 16, Debtor paid Mr. Gillis $4,000.00 on May 24, 2019. See Doc. No. 1.

5.     Mr. Gillis has now received a total of $8,000.00 from Debtor.

6.     On October 8, 2019, the Trustee filed a motion to dismiss for failure to make all payments due under the plan. See Doc. No 49.  Mr. Gillis did file a response to the Motion to Dismiss however, Mr. Gillis did not appear at the motion to dismiss hearing on November 14, 2019, and the case was dismissed.  See Doc. No. 62.

7.     On January 27, 2020, a third bankruptcy was filed on behalf of Debtor, Case No. 20-10265.  Mark J. Hannon (hereinafter "Mr. Hannon") is now Debtor's attorney of record.   According to the Statement of Financial Affairs, Question 16, Debtor paid Mr. Hannon $4,000.00 on January 14, 2020. Filed herewith is a copy of Statement of Financial Affairs filed in Case No. 20-10265.

8.     Debtor has now paid $12,000.00 to Mr. Gillis and/or his business associate Mr. Hannon.

9.     Debtor testified at the 341 hearing on March 3, 2020, consistent with her schedules, that she paid Mr. Gillis $8,000.00 for her two prior chapter 13 cases and paid Mr. Hannon $4,000.00 for her current chapter 13 case.

///

///

///

-2-

## II.

## POINTS AND AUTHORITIES

11 U.S.C. § 329(b) authorizes the court to disgorge fees where the compensation exceeds the reasonable value of the service rendered.

"If such compensation [that described in the statement of compensation] exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to (1) the estate, if the property transferred (A) would have been property of the estate; or (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or (2) the entity that made such payment." 11 U.S.C. § 329(b).

Chapter 13 fees for debtor's counsel are governed by 11 U.S.C. § 330(a), which authorizes reasonable compensation.

"In determining the amount of reasonable compensation to be awarded ... the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. (4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for (I) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(3)–(4).

The Eastern District of California implements Section 330(a)(4)(B) through LBR 2016-1(a), which allows debtor's counsel to accept a flat fee without moving for court approval.

The No-Look Fee in chapter 13 cases is to "fairly compensate the debtor's attorney for all pre-confirmation services *and most post-confirmation services, such as reviewing the notice of filed claims, objecting to untimely claims, and modifying the plan to conform it to the claims filed.*" LBR 2016-1(c)(3) [Emphasis added]. It further states that when there is an objection (as there is in this case) compensation **shall** be determined in accordance with 11 U.S.C. §§ 329 and 330.

The State Bar of California has now suspended Mr. Gillis's license to practice for a two-year period, effective February 16, 2020. Mr. Gillis knew or should have known when this case was filed

that he would be unable to provide all of the legal services required, to receive the No-Look fee, for the duration of this case, as Mr. Gillis would be suspended for at least two years of Debtor's five year plan.

In addition, Debtor's case was dismissed on November 14, 2019. LBR 2016-1(c)(4) states:

"If an attorney elects to be compensated pursuant to Subpart (c) but the case is dismissed prior to confirmation of a plan, absent a contrary order, the trustee shall pay to the attorney, to the extent funds are available, an administrative claim equal to fifty per cent (50%) of the total fee the debtor agreed to pay less any pre-petition retainer. The attorney shall not collect, receive, or demand additional fees from the debtor unless authorized by the Court."

When a case is dismissed, the local rule allows the attorney to receive up to 50% of the no-look fee at dismissal. Assuming that no more than $2,000.00, or 50% of the no-look fee, is a reasonable fee for Debtor's counsel if the case is dismissed prior to confirmation, then Mr. Gillis should not be entitled to retain $4,000.00 when Debtor's case was dismissed pre-confirmation.

**WHEREFORE**, the Trustee objects to the no look-fee and requests that the court review the attorney fees herein pursuant to LBR 2016-1(c)(5) and disgorge fees where the compensation exceeds the reasonable value of the service rendered, pursuant to 11 U.S.C. § 329(b)


DATED:  March 4, 2020

/s/ Michael H. Meyer
Michael H. Meyer, Chapter 13 Trustee